**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LATANYA HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **NO:    25-2062** |
| **EDWINIQUE JACKSON ET AL** | **SECTION: "B" (4)** |

**REPORT AND RECOMMENDATION**

Plaintiff LaTanya Holmes ("Holmes") filed a complaint pursuant to 42 U.S.C. §1983. Upon review by the undersigned Magistrate Judge, the Court has determined that the following claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## I.    Background

Holmes, a *pro se* pauper, filed this complaint pursuant to 42 U.S.C. § 1983 against Defendants City of New Orleans, New Orleans Police Department ("NOPD"), and District Attorney for Orleans Parish. R. Doc. 1 at 1-2. Holmes also sues NOPD Officer Christoper Durning ("Durning") in his individual and official capacity, Jay Daniels ("Daniels") in his individual and official capacity as District Attorney, and Edwinique Jackson ("Jackson"), a private citizen. *Id.*

On or about January 30, 2025, Jackson allegedly made a false statement to Officer Durning that Holmes appeared outside of her residence with a firearm and made threatening statements towards her. R. Doc. 1 at 2. Holmes claims that she was unaware of this accusation until she attempted to obtain a background check for her real estate license application in the State of Alabama on August 25, 2025. *Id.*

Also on that date, Holmes claims that she was unlawfully arrested for aggravated battery with a firearm by an unnamed officer. R. Doc. 1 at 2. Holmes contends that the arrest was made based on an active warrant that contained Jackson's false statement. *Id.* Holmes maintains that the

warrant lacks probable cause because Officer Durning did not conduct an independent investigation to verify the truth of Jackson's statement before utilizing the statement to obtain the warrant. *Id.* For this reason, Holmes asserts that her constitutional rights were violated, and that she was deprived of her liberty without due process of law. *Id.* Holmes additionally contends that District Attorney Jay Daniels engaged in malicious prosecution by proceeding to charge her despite lack of corroborating evidence and failing to investigate the truthfulness of the complaint. *Id.*

Holmes maintains the coordinated actions of Jackson, Durning, and District Attorney Jay Daniels resulted in Plaintiff's unlawful arrest and detention. R. Doc. 1 at 2. Holmes further claims that the City of New Orleans and New Orleans Police Department are responsible for failing to properly train, supervise, or discipline officers regarding probable cause determinations, arrest procedures, and constitutional safeguards. R. Doc. 1 at 3. Holmes claims she suffered emotional trauma, reputational injury, financial loss, and disruption of her professional licensing process. *Id.*

## II.    **Standard of Review**

"[A] District Court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious." *Harris v. United States Dept. of Justice,* 680 F.2d 1109, 1111 (5th Cir. 1982) (citing *Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978)). As the Fifth Circuit in *Harris* explained:

> The two stage procedure that has been adopted in this Circuit for processing prisoner pro se complaints filed *in forma pauperis* has full application in the present context for it gives adequate protection to those not represented by attorneys and comports with the explicit provisions of 28 U.S.C. [§] 1915. The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to [§] 1915[(e)(2)], the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, it determines that it is unmeritorious, frivolous or malicious.

2

680 F.2d at 1111 (internal citations omitted); *see also* 28 U.S.C. § 1915(e)(2); *see also Phillips v . City of Dallas*, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) (noting that "a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action" is frivolous, malicious or fails to state a claim).

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an undisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

III.    **Analysis**

A. **District Attorney of Orleans Parish**

Holmes first names District Attorney of Orleans Parish as a Defendant in her complaint. R. Doc. 1 at 1. However, the Court notes that Holmes only includes Defendant District Attorney of Orleans Parish in the caption of the complaint. *Id.* She does not otherwise assert any allegations

3

against this Defendant in the body of the complaint. Therefore, the Court recommends dismissal of this Defendant for failure to state a claim upon which relief can be granted.

### B. Improper Defendants

i. New Orleans Police Department

Holmes names the New Orleans Police Department as a Defendant. R. Doc. 1 at 1. *See Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 691 (E.D. La. 2012). Under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability. *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (sheriff's office); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department). Given that the New Orleans Police Department is not a person or suable entity to be held liable under § 1983, Holmes' claims against the New Orleans Police Department must be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief can be granted.

ii. Edwinique Jackson

Holmes also asserts malicious prosecution and due process claims against Edwinique Jackson, a private citizen. R. Doc. 1 at 3. Holmes particularly alleges that Jackson knowingly made false statements to Officer Durning that led to her arrest and caused reputational harm and emotional distress. *Id.* It is unclear whether Holmes asserts a malicious prosecution claim under federal and/or state law.

Private citizens generally cannot be sued under 1983 because they are "not considered to act under color of law." *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017) (citing *Ballard v.*

*Wall*, 413 F.3d 510, 518 (5th Cir. 2005)). A private action may be deemed under color of state law when the conduct is "fairly attributable to the State." *Id.* (citing *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004). The Fifth Circuit has found that "evidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case." *Id.*

However, individuals may be liable under Section 1983 for engaging in a conspiracy with state actors to violate a person's constitutional rights. *See Ballard*, 413 F.3d at 518. The plaintiff must "show that the police in effecting the arrest acted in accordance with a 'preconceived plan' to arrest a person merely because [she] was designated for arrest by the private party, without independent investigation." *Moody*, 868 F.3d at 353. Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a conspiracy under Section 1983. *See Priester*, 354 F.3d at 420.

Here, the fact that Jackson may have allegedly lied to the police which resulted in Holmes' subsequent arrest, without more, does not render Jackson a state actor. *See Roberts v. Jackson Par. Sheriff's Office*, No. 24-0057, 2024 WL 3158369, at *4 (W.D. La. June 3, 2024). Even though Plaintiff construes such actions as "coordinated", she does not plead any facts that would establish a conspiracy or preconceived notion such that the police effected the arrest merely because she was designated by Jackson. R. Doc. 1 at 2; *See Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1079 (5th Cir. 1985) ("The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action.") In other words, it is not enough facts to show that a private citizen's statement influenced the actions of the police. *See Moody*, 868 F.3d at 354 ("[E]vidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case."); *Guillot v. Coastal Commerce Bank*, No. 10-2092, 2010

5

WL 4812959, at *3 (E.D. La. Nov. 19, 2010) (holding that the "subjective intent of the private citizen is not determinative in providing a basis for state action"); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.") (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). For these reasons, Jackson is a private actor not to be held liable under Section 1983. The Court should dismiss Plaintiff's federal malicious prosecution and process claims against Jackson for failing to state a claim upon which relief could be granted.

### C. Monell/Official Capacity Claims

Holmes also asserts *Monell*[1] claims against City of New Orleans for allegedly failing to properly train, supervise, or discipline officers regarding probable cause determinations, arrest procedures, and constitutional safeguards. R. Doc. 1 at 2. Holmes likewise sues Officer Durning and District Attorney Jay Daniels in their official capacities. *Id.* at 1-2. Official capacity claims are also addressed under *Monell* because they are equivalent to suit against the entity the Defendants represent. *See Monell*, 436 U.S. at 691. In this case, Durning and Daniels are agents of the City of New Orleans and Orleans Parish District Attorney's Office, respectively. *See Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *Thomas v. City of New* Orleans, 883 F. Supp 2d 669, 691 (E.D. La. 2012) (holding an official capacity claim against an NOPD officer is attributable to a claim against the City of New Orleans).

"Municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

---

[1] *See Monell*, 436 U.S. 658 at 690.

official policy, inflicts the injury.'" *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691). Thus, to state a non-frivolous claim against a public official in his official capacity, the plaintiff must establish that the named defendant is a final Parish policymaker and identify the Parish policy or custom which allegedly caused the deprivation of his constitutional rights. *Rinker v. New Orleans Dist. Atty.*, No. 10-0810, 2010 WL 2773236, at *4-5 (E.D. La. Jun. 15, 2010), *R&R adopted by* 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

Here, Holmes does not allege that District Attorney Jay Daniels or Officer Durning were final policymakers for the City of New Orleans or the Orleans Parish District Attorney's Office of a policy or custom that allegedly caused the deprivation of her constitutional rights. Therefore, Holmes's claims against the City of New Orleans, Daniels in his official capacity, and Durning in his official capacity, are frivolous and otherwise fail to state a claim for which relief should be granted.

### D. Immune Defendant

Holmes also asserts malicious prosecution and due process claims against District Attorney Jay Daniels, in his individual capacity, for proceeding to charge her without corroborating evidence and failing to investigate the truthfulness of the complaint. R. Doc. 1 at 2. Holmes maintains Daniels' conduct is outside the scope of prosecutorial immunity. *Id.*

However, the Fifth Circuit has recognized a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution falls within the scope of federal prosecutorial immunity. *Quinn v. Roach*, 326 Fed. App'x 280, 292 (5th Cir. 2009); *Wearry v. Foster*, 33 F.4th 260, 268 (5th Cir. 2022) ("a prosecutor's decision to criminally charge a defendant is protected by absolute immunity.") Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th

7

Cir. 1985). In the context of state law prosecutorial immunity, the Louisiana Supreme Court has adopted the same immunity principles as federal court. *See Knapper v. Connick,* 681 So. 2d, 944, 947 (La. 1996).

As stated previously, it is unclear whether Holmes brings the malicious prosecution claim under state and/or federal law. Notwithstanding, state and federal law apply the same principles when determining whether prosecutorial immunity applies. Here, Holmes merely alleges that District Attorney Jay Daniels proceeded with charges against her despite failing to investigate whether Jackson's statement was true. R. Doc. 1 at 2. As noted by the case law above, Daniels' decision to formally charge her falls within the scope of prosecutorial immunity. *See* Quinn, 326 Fed. App'x at 292; *Oliver v.* Collins, 904 F.2d 278, 281 (5th Cir. 1990); *Knapper*, 681 So. 2d at 950. Since prosecutorial immunity affords an absolute bar from suit, Holmes fails to state a claim upon which relief can be granted as to Daniels in his individual capacity.

**E. Section 1983 Claims Against Officer Christopher Durning, in his Individual Capacity**

Holmes further asserts a false arrest and due process claim against Officer Durning, in his individual capacity, for relying on Jackson's false statement to obtain an arrest warrant. R. Doc. 1 at 2. Holmes claims that the warrant lacked probable cause because Durning's failure to investigate the truthfulness of the complaint led to her unlawful arrest and deprivation of her liberty and property interests without due process of law. *Id.*

In *Heck v. Humphrey*, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 51 U.S. 477, 486-87 (1994).

8

The *Heck* doctrine applies whether a plaintiff seeks monetary or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (under Heck, "a state prisoner's section 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Here, Holmes's false arrest claim will necessarily call into question the validity of the charges against her if convicted. *See Goldstein v. City of Monroe*, 621 F. App'x 274, 278 (5th Cir. 2015) (concluding that a Section 1983 claim based on an arrest warrant that lacked probable cause is in essence a collateral attack on the conviction). Therefore, she will have to establish that a state or federal court has determined the terms of her confinement to be invalid or criticized in one of the ways discussed in *Heck* for this Court to consider Holmes' Section 1983 claims against Officer Durning. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the complaint, Holmes does not allege any facts regarding the status of the criminal charge. However, upon review of the Orleans Parish Criminal District Public Docket Records, it appears that that there was a charge against Latanya Holmes for aggravated assault (Case No. M-621799) on August 25, 2025, and that the charge was ultimately refused by the Orleans Parish District Attorney's Office. Therefore, at this juncture, the Court recommends that Holmes' Section 1983 false arrest and due process claims against Officer Durning, in his individual capacity, is not *Heck* barred and should proceed.

#### F. State Law Claims

Lastly, Holmes asserts a state law defamation and malicious prosecution claim against Edwinique Jackson on the basis that she knowingly made false statements that led to her arrest. R. Doc. 1 at 3. The Fifth Circuit recognizes that the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) (when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction."). Because the Court recommends dismissal of Holmes' federal malicious prosecution and due process claims against Jackson because she is not a state actor as required under § 1983, there is no basis for the Court to maintain supplemental jurisdiction over the state law claims against Jackson.

### IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff Latanya Holmes' 42 U.S.C. § 1983 and due process claims against the City of New Orleans, New Orleans Police Department, Edwinique Jackson in her individual capacity, District Attorney Jay Daniels in his individual and official capacity, NOPD Officer Christopher Durning in his official capacity be **DISMISSED** as frivolous and otherwise for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's state law claims against Defendant District Attorney Jay Daniels in his individual capacity be **DISMISSED** for failing to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's state law claims against Defendants Edwinique Jackson in her individual capacity be **DISMISSED** because the Court should decline to exercise supplemental jurisdiction over these claims.

**IT IS FURTHER RECOMMENDED** that District Attorney of Orleans Parish be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's 42 U.S.C. § 1983 false arrest and due process claims against Officer Christopher Durning in his individual capacity be allowed to proceed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 27th day of April 2026.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

11